IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| MAKSIM TSVETOVAT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 1:12CV510 TSE |
| SEGAN, MASON & MASON, P.C., | ) |
| Defendant. | ) |

**CONSENT MOTION TO MODIFY PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Defendant, Segan, Mason & Mason, P.C. ("Segan Mason"), by counsel, states as follows for its Motion to Modify Preliminary Approval of Class Action Settlement:

1. On November 30, 2012, this Court preliminarily approved the parties' Joint Motion for Preliminary Approval of Class Action Settlement (the "Order"). (Dkt. 55.) The Court's Order approved, *inter alia*, the parties' Stipulation of Settlement (the "Agreement") and noted that it "is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members[.]" (Id. ¶ 7.) The Court scheduled a Fairness Hearing for April 12, 2013. (Id. ¶ 14.)

2. Since entry of the Court's November 30 Order, the parties' have been working diligently to comply with the terms and conditions imposed both by the Order and the Agreement. Accordingly, a class action administrator has been retained and notice of the settlement has been sent to all potential class members.

3. The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") was enacted on February 18, 2005 and applies to all class actions commenced on or after the

1

enactment date.  See Pub. L. 109-2, § 9 ("The 2 amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act [i.e., February 18, 2005]."); 28 U.S.C. § 1715, cmt.  Accordingly, CAFA is applicable to the instant settlement.

3. CAFA requires a defendant subject to a class action settlement to provide notice of the settlement to the Attorney General of the United States and the "appropriate State official."  28 U.S.C. § 1715(b).  This notice must be provided within ten days of the proposed settlement.  Id.  Due to an oversight, Segan Mason did not provide notice of the Class Action Settlement to the requisite Federal and State officials (27 in total) until today, January 24, 2013.  (See Exs. 1 (Notice) and 2 (letters to Attorneys General).)

4. Pursuant to 28 U.S.C. 1715(d), an order giving final approval to a proposed class action settlement may not be issued earlier than 90 days after the date the notices are served on Federal and State officials.  Therefore, pursuant to CAFA, the earliest the Court may issue final approval to the parties' Class Action Settlement would be April 24, 2013.

5. Accordingly, should the Court conclude at the April 12, 2013 Fairness Hearing that the settlement complies with Fed. R. Civ. P. 23, is otherwise fair, reasonable, adequate, in the best interest of the Class Members and should be approved, Segan Mason respectfully requests that the Court delay entry of final approval of the settlement until the 90-day period required by Section 1715(d) has passed.  This brief delay will give Federal and State officials the statutory period to comment on the parties' Class Action Settlement, should any believe it necessary to do so.  The delay also will not adversely affect the time necessary to administer the claims.

6. Finally, the tardy notice should not affect the issue of whether the Class Action Settlement should be finally approved.  Courts have held that even where a "defendant[] [is] late

in serving notice to state and federal officials, class members may not exempt themselves from a settlement so long as at least 90 days elapse between service of the notice and entry of an order granting final approval of the settlement, as required by 28 U.S.C. § 1715(d)." Adoma v. Univ. of Phoenix, Inc., 2012 U.S. Dist. LEXIS 181281, at *13 (E.D. Cal. Dec. 20, 2012); In re Processed Egg Products Antitrust Litigation, 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012) ("Over ninety days have elapsed since [defendant] served the appropriate state or federal officials with the CAFA notice, and there have been no requests for hearings or objections to the settlement made. It follows that, although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [s]ettlement."); Kay Co. v. Equitable Prod. Co., 2010 U.S. Dist. LEXIS 41892 at *14 (S.D. W. Va. Apr. 28, 2010) ("Although [defendant] sent notice packets to the appropriate State and Federal officials, it did not provide such notice promptly after the Agreement was filed, as required by CAFA. . . . Since more than 100 days have passed since service was perfected and since there have been no adverse comments from any of the aforesaid State or Federal officials, the Court FINDS that compliance with CAFA is satisfactory."); Beaty v. Continental Automotive Systems U.S., Inc., 2012 WL 1886134, 2012 U.S. Dist. LEXIS 70391, at *26 (N.D. Ala. May 21, 2012) (same).

      7.     Segan Mason has conferred with counsel for Plaintiffs who have indicated their consent to the instant Motion.

      WHEREFORE, Segan Mason respectfully requests, with the Plaintiffs' consent, that the Court proceed with the final approval hearing on April 12, 2013 as scheduled, but hold its final approval decision in abeyance until the ninety-day expiration date has passed without any

objections or requests for hearings being received from any relevant Federal or State authority pursuant to 28 U.S.C. 1715(d).

                Respectfully submitted,

                SEGAN, MASON & MASON, P.C.

                By: _____"/s/"_____
                      William D. Bayliss

William D. Bayliss, Esquire (VSB No. 13741)
bbayliss@williamsmullen.com
Brendan D. O'Toole, Esq. (VSB #71329)
botoole@williamsmullen.com
Williams, Mullen, Clark & Dobbins, P.C.
200 South 10th Street
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile:  (804) 420-6507
*Counsel for Williams, Mullen, Clark & Dobbins, P.C.*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of January, 2013, a copy of the foregoing has been forwarded to Plaintiffs' counsel, as described below, via e-mail:

Kristi C. Kelly, Esquire (VSB # 72791)
kkelly@siplfirm.com
SUROVALL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA  22030
T: (703) 251.5400
F: (703) 591.9285
*Counsel for Plaintiffs*

Leonard A. Bennett, Esquire (VSB # 37523)
lenbennett@clalegal.com
Susan M. Rotkis, Esq. (VSB # 40693)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA  23601
T:  (757) 930.3660
F:  (757) 930.3662
*Counsel for Plaintiffs*

      By: _____"/s/"_____
      William D. Bayliss, Esquire (VSB No. 13741)
      bbayliss@williamsmullen.com
      Brendan D. O'Toole, Esq. (VSB #71329)
      botoole@williamsmullen.com
      Williams, Mullen, Clark & Dobbins, P.C.
      200 South 10th Street
      Richmond, VA 23219
      Telephone: (804) 420-6000
      Facsimile:  (804) 420-6507
      *Counsel for Williams, Mullen, Clark & Dobbins, P.C.*

20407960_1