FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA Alexandria Division

2013 JUL 11  P 1: 34

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

MAKSIM TSVETOVAT, et al.,
                        Plaintiffs,

        v.                                    Civil Action No.: 1:12-cv-510

SEGAN, MASON & MASON, P.C.,

                        Defendant.

## RAJAS REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

Come now M. Nawaz Raja and Neelum Nawaz Raja (Rajas) respectfully submit this

reply in opposition to Defendant's Segan, Mason & Mason's motion for sanctions, request this

court to deny Defendant's motion and state:

### INTRODUCTION

1   In the present case this court denied Raja's 60(b) motion on June 13, 2013. Defendant

    alleges that multiple misrepresentations were made by Rajas. Defendant's statement is not

    correct because the court never allowed Rajas to proceed with the discovery, when they filed

    motion, and requested this court through the motion for Subpoena Duces Tecum/

    Electronically stored information on May 9,2013, scheduled for hearing before Magistrate

    Judge Ivan D. Davis on May 24, 2013.

2   On May 17, 2013 this Court stayed the matter pending the resolution of Rule 60(b), Fed. R..

    Civ. P., motion of Rajas [Dkt. 30, case no 1:13-cv-418]

3   Defendants alleges that there is no persuasive support in the record for the allegations alleged

    by the Rajas. Rajas allege that if the court would have permitted Rajas to proceed with the

discovery then the situation would have been different and the truth would have surface and

the real truth and only truth will float to the top like a dead body in a botched murder case....

and then sanctions could end up flowing in the other direction.

4    In case No. 1:13-cv-418,  this court dismissed the Raja's complaint against the Defendants

Segan, Mason & Mason et al on June 17, 2013 without hearing.[Dkt. 36 ]. Rajas timely filed

the Notice of Appeal on June 25, 2013[ Dkt.40]

5    Defendants, Segan, Mason & Mason P.C et al's  ("Defendants.") Motion for Sanctions is

nothing more than a litigation tactic being employed against the Pro Se litigants who are

trying to save their primary residence from the illegal filing of Memorandum[1] of Liens by the

Defendants.

6    The purpose of the instant motion has nothing to do with sanction able conduct but has

everything to do with an attempt to scare, threat  and harass the Pro Se Plaintiffs Rajas.

7    The American Rule stats; The Commonwealth of Virginia adheres to the "American Rule."

Under the "American Rule," a prevailing party generally *cannot* recover attorneys' fees from

the losing party. *See*: West Square, L.L.C. v. Communication Technologies, 274 Va. 425

(2007) , Ulloa v. QSP, Inc., 271 Va. 72, 81 (2006) , Lee v. Mulford, 269 Va. 562, 565 (2005)

## I- RULE 11 STANDARD

---

[1] Two of the memorandum of liens stated above, prepared and signed on 05/09/2011 and on 04/26/2012, improperly notarized on 05/11/2011 (**03 days after signing**) and on 08/29/2012 (**123 days after signing**) recorded in the Lands record of Loudoun County , recorded the instrument #20110517-0030332 on 05/17/2011, and 20120830-0067136 on 08/30/2012, with notary's misconduct obvious on the face of Memorandum of Liens, when Defendants prepared and illegally notarized. Plaintiffs allege that both of the Memorandums were not executed in front of a notary, notary misconduct is obvious on the face of these documents. The documents were not properly notarized and renders them void.  Va circuit case and Eastern District case stated that there must be proper notarization. Case Stanley Dale Williams v. HSBC Finance Corp., No. CL 10-877 (Va. Cir. Ct. March 30, 2011) and Wolf v federal national mortgage association ,US Court  of appeals for fourth circuit, No. 11-2419. The 9th-circuit-invalidates-mortgage-for-failure-to-properly-acknowledge-and-notary-misconduct, Case No. 19670 [ Raja's complaint ¶¶ 91 to 93 and 96

8   The standard for testing conduct under . . . Rule 11 is 'reasonableness under the
circumstances." Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003)
(citations omitted). "Sanctions are warranted when a party exhibits a deliberate indifference
to obvious facts, but not when the party's evidence to support a claim is merely weak."
Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (internal quotation
marks and citations omitted). Moreover, all doubts as to whether Rule 11 has been violated
should be resolved in favor of the party who signed the pleading. See, Great Lakes
Reinsurance (UK) PLC v. Blue Sea, LLC, 2006 U.S. Dist. LEXIS 59834, Case No. 6:05-cv-
1660-Orl-22KRS (M.D. Fla. Aug. 24, 2006).

9   In the instant case Rajas did not violated Rule 11 and did not file pleading in bad faith or
for an improper purpose. Rajas have stated facts about the illegal practice of Defendants.
Raja's allegations are different than the Counts alleged in the class action case No. 1:12-cv-
510

10   Raja's allegations are different than the allegations in the class action case 1:12-cv-510. The
Count II, FDCPA may be somewhat similar to the class action but not the other counts, and
this court erred and dismissed without reading the entire complaint, no hearing held and
Rajas were deprived due process. Rajas allege that they have provided proof in the form of
exhibits and will prove the allegations if this court allowed the Rajas to proceed with the
discovery. Raja's complaint was not filed on bad faith or for any other purpose as alleged by
the Defendants.

**II- ANALYSIS**

**a. Rule 11 Has No Applicability to the Underlying pending Discovery Pleading**

11 Rule 11 Motion targets the Rajas Memorandum filed in support of a motion to issuance of a
subpoena duces tecum, designated documents, electronically stored information, or tangible
things in that person's possession, custody, or control; or permit the inspection of premises of
defendants, who were involved in various violations as stated above and in their complaint.
Raja's motion was supported by the declaration. By its own terms Rule 11 is inapplicable to
discovery motions. Rule 11(d) specifically states:

> Inapplicability to Discovery.
>
> Subdivisions (a) through (c) of this rule do not apply to disclosures
> and discovery request, responses, objections and motion that are
> subject to the provisions of Rules 26 through 37.

As Rule 11 is inapplicable to the targeted filing, the instant sanctions motion must be denied.

**b. Raja's Complaint was not filed in bad faith**

12 Rajas did not file motion for 60(b) in the class action case no. 1:12-cv-510, against the
Defendants in bad faith as alleged by the Defendants. Rajas were injured by the illegal
practice by the Defendants, and Rajas filed case No. 1:13-cv-418 against the Defendants for
the following counts;

a. Count-I, Fraudulent Misrepresentation; ¶¶ 107 - 117

b. Count-II, Violation of FDCPA; ¶¶ 118 - 125 (VIOLATION OF 15.U.S.C § 1692f , ¶¶
126 - 127, VIOLATION OF 15.U.S.C § 1692e, ¶¶ 128 - 134, VIOLATION OF
15.U.S.C § 1692d(1) ¶¶ 135 - 137, VIOLATION OF 15.U.S.C § 1692e,15.U.S.C §
1692e(2)(A), 1692e(2)(B, ¶¶ 138 - 143).

c. Count-III, Consumer Fraud and Deceptive Business Practice Act; ¶¶ 144 - 164

d. Count-IV, Fraud; ¶¶ 165 - 177

   e. Count-V, Fraudulent Concealment Fraud, and Deceit by suppression of facts; ¶¶ 178 - 188

   f. Count-VI, Violation of RICO, 18 U.S.C § 1961, et seq. ¶¶ 210 - 240

## c. Rajas did not Violate Fed,R.Civ.P.11(b)

12 Rajas did not violate the Fed,R.Civ.P.11(b) as alleged by the Defendants. Rajas claims are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a no frivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. [ Fed,R.Civ.P.11(b)]

## d. The claims in complaint are not barred under the doctrine of release, accord, satisfaction and res judicata

13 Rajas did opt timely and mailed to the party as explained in the notice to opt out. Defendants filed the EXHIBIT-2 in the court with their motion to dismiss and failed to tell the court about ¶ 95(e) filed on January 28, 2013 in Loudoun County General District Court, where Rajas state, " Rajas received the notice being the part of the class. Rajas already objected this settlement and will not release their claims.

14 On February 4, 2013 on a consent order Rajas endorsed, " Counter Plaintiffs(Rajas) reserve their rights in case No. 1:12-cv-510 in Eastern District of Virginia EXHIBIT-B of Plaintiff's memorandum in support to Defendant's motion to dismiss [ Dkt.20 Case No 1:13-cv-418] Please also see Affidavit of Rajas, EXHIBIT-C of Plaintiff's memorandum

in support to Defendant's motion to dismiss [ Dkt.20 Case No 1:13-cv-418] and Exhibit-D,D1,D2,D3, D4, E of Plaintiff's memorandum in support to Defendant's motion to dismiss [ Dkt.20 Case No 1:13-cv-418]

15    Thus Rajas claims are not barred under the doctrine of release, accord, satisfaction and res judicata, because the Defendants were already on notice through various court filings in Loudoun County, prior to the opt out dead line from the class.

**e. Plaintiff's Opposition  to Defendant's Motion was not filed in bad faith**

16   Plaintiffs opposition was not based on baseless as alleged by the Defendants. Plaintiffs opted out timely . Defendants and their counsel in a joint venture, removed this from the documents and failed to come forward with clean hands and also misled the court.

17   Plaintiffs did not violate Rule 11(b)(2) and (3) and Defendants and their counsel are in violation of Rule 11(b)(2) and (3), and trying to earn illegal fees from the Pro Se litigants, who are just trying to save their primary residence from the illegal foreclosure proceedings filed by the Defendants, supported with illegal Memorandum of liens. *See* FN-1

**f. Defendants and their counsel is involved in misrepresentation, based on irrelevant arguments, and Defendant's counsel is acting as a vehicle in this fraud**

18  Plaintiffs have solid and strong evidence  and will be successful after the discovery. Defendants and their counsel. knowingly and intentionally made false representations, when they knew these were false.

19   Said false representations were known by Defendants and their counsel, and each of them, to be false at the time they were made. Said false representations were made, by Defendants and their counsel, and each of them,  with the intent to deceive and defraud the M. Nawaz Raja and Neelum Nawaz Raja.

20  At the time  Defendants, and each of them, made said false representations, and each of them, had  no reasonable grounds for believing the statements to be true.

21  At the time Defendants, and each of them, made said false representations, and each of them, implied that they had knowledge of the true facts but in fact were actually ignorant of the true facts.

22  Said false representations were made by Defendants, and each of them, without regard for the truth of said representations and with the intent that the M. Nawaz Raja, Neelum Nawaz Raja, rely on said  false representations.

23  Plaintiffs M. Nawaz Raja, Neelum Nawaz Raja  actually and justifiably relied on said false representations by Defendants, and each of them, and was damaged as a direct and proximate result of said false representations in an amount according to proof.

24  Said false representations, by Defendants and their counsel, and each of them, were made with oppression, fraud, and malice. Defendants, and each of them,  had a greater level of expertise than the M. Nawaz Raja and Neelum Nawaz Raja,  in regards to the particular actions , and Defendants, and each of them, actively concealed or suppressed the information.

25  Defendants, and each of them,  have  duty to act to take necessary action to prevent harm to M. Nawaz Raja and Neelum Nawaz Raja, and affirmative duty to disclose,  all material facts toward the M. Nawaz Raja and Neelum Nawaz Raja, because the law  generally prohibits, "false, deceptive, or misleading representation.

26  Rajas allege that, Rules of Professional Responsibility makes it professional misconduct for a lawyer to "engage in conduct involving fraud, deceit, or misrepresentation." This prohibition applies to attorneys in whatever capacity they are acting—it is not limited to

conduct occurring during the representation of a client and is, therefore, facially applicable to the conduct of attorneys in a non-representational context.

27   Rajas allege that, the prohibition on misrepresentation would, therefore, facially apply to attorneys conducting certain activities that are part of their official duties as officers of the court.

28   Rajas allege that, the prohibition against engaging in conduct "involving dishonesty, fraud, deceit, or misrepresentation" applies, in our view, only to conduct that calls into question a lawyer's suitability to practice law.

29   Rajas allege that, the conduct which indicates that an attorney lacks the something required for bar membership. As the Comments elaborate, this may include "violence, dishonesty, breach of trust, or serious interference with the administration of justice.

30   Rajas allege that, misrepresentation is the act of stating false facts or data about a person to attain benefits from another. Misrepresentation is considered a crime.

31   Rajas allege that, the fraud is defined as deceiving another for personal gain or with intent to harm an individual or group.

32   Rajas allege that, the Defendant's acts Clearly, was not an "honest mistake." Defendant's fraud has benefitted them and their clients while it, as intended, continues to deprive Plaintiffs of their rights and caused Rajas to suffer damages.

33   Rajas claim that Defendants, knowingly and  intentionally concealed material service information with full knowledge by Defendants that their affirmative representations were false, fraudulent, manufactured, and misrepresented the truth at the time said representations were made is a material fact that Defendants intentionally or negligently failed to disclose, upon which Plaintiffs M. Nawaz Raja and Neelum Nawaz Raja

justifiably relied, which resulted in monetary damages and danger of losing their primary residence, due to the illegal, fraudulent acts of Defendants when they filed illegal memorandum of lien on Raja's primary residence and filed illegal foreclosure based on those illegal memorandum of liens. *See* FN-1

34   Rajas allege that, Under either theory of fraud, the false misrepresentation element may be satisfied by showing a   failure of  a duty to disclose a material fact where, the concealing party knows the  other is acting upon the assumption that the fact does not exist. Van Deusen v. Snead, 247 Va. 324, 328, 441  S.E.2d.207, 209 (1994).

**g. Defendant's motion for sanctions will prejudice the Rajas**

35   Rajas alleged that the Defendant's motion for sanctions is just to harass the Pro Se litigants. Rajas  submit that, taken as a whole, the egregious course of conduct engaged in by Defendants,  a consistent level of bad faith and absolute contempt for the judicial process.

36   This  conduct has substantially delayed the resolution of this dispute, significantly increased Raja's litigation costs and debased the judicial process itself.

37    Rajas allege, the principle of "no harm, no foul" is a ubiquitous undercurrent in the law of sanctions. Defendants  misbehaved, were involved in illegal practice, filed the illegal Memorandum of liens with the Notary misconduct on the face of documents .

38   Rajas and their case against the defendants,  have suffered as a result. Defendants et al's violation is more than a technicality—that it caused Rajas real harm—Rajas have alleged facts and plead all counts properly as required by law.

39  Rajas were stopped from proceeding with the discovery and the  deponents  will need to be recalled or additional discovery and  depositions that are necessary.

40   Rajas have suffered damages due to the Defendant's action. Defendants have not improved and corrected their violations, which are ongoing even after the class action settlement,

**h. Defendant's motion for sanctions is based on backfire based on retaliation**

41   Rajas allege, that If litigation is combat, a sanctions motion signals the onset of thermonuclear warfare. Defendants did not consider going nuclear, did not analyze their own conduct, which was not improved even after the class action settlement and their illegal practice is continued, how *defendants* have conducted the litigation. Defendants retaliated against the Pro Se litigants .

42   Rajas allege, Defendants, Segan, Mason & Mason P.C et al's ("Defendants.") Motion for Sanctions Pursuant to Rule 11 is nothing more than a litigation tactic being employed against the Pro Se litigants who are trying to save their primary residence from the illegal filing of Memorandum[2] of Liens by the Defendants.

43   The purpose of the instant motion has nothing to do with sanction able conduct but has everything to do with an attempt to scare, threat and harass the Pro Se Plaintiffs Rajas.

**i. Defendant's motion for sanctions does not relate to merits**

44   Rajas allege, that Defendant's motion for sanctions has no merits and Defendants failed to keep their powder dry. Defendant's motion does not relate to the merits; and it

---

[2] Two of the memorandum of liens stated above, prepared and signed on 05/09/2011 and on 04/26/2012, improperly notarized on 05/11/2011 (**03 days after signing**) and on 08/29/2012 (**123 days after signing**) recorded in the Lands record of Loudoun County , recorded the instrument #20110517-0030332 on 05/17/2011, and 20120830-0067136 on 08/30/2012, with notary's misconduct obvious on the face of Memorandum of Liens, when Defendants prepared and illegally notarized. Plaintiffs allege that both of the Memorandums were not executed in front of a notary, notary misconduct is obvious on the face of these documents. The documents were not properly notarized and renders them void.  Va circuit case and Eastern District case stated that there must be proper notarization. Case Stanley Dale Williams v. HSBC Finance Corp., No. CL 10-877 (Va. Cir. Ct. March 30, 2011) and Wolf v federal national mortgage association ,US Court of appeals for fourth circuit, No. 11-2419. The 9th-circuit-invalidates-mortgage-for-failure-to-properly-acknowledge-and-notary-misconduct, Case No. 19670 [ Raja's complaint ¶¶ 91to 93 and 96

reflects animosity between Defendant's counsel and Pro Se litigants; and it is an additional work that doesn't move the case forward.

**j. Defendants multiplied proceedings unreasonably and vexatiously**

45  Rajas allege that Defendant's counsel have submitted filing in this case, so multiplied the proceedings in present case unreasonably and vexatiously" is subject to sanctions under 28 U.S.C. § 1927. This phrase covers a broad range of dilatory litigation tactics, from the filing of duplicative responses and baseless motions, to serving needless duplicate motions, to persisting in a meritless argument or position, to making frivolous motion for sanctions—basically any conduct that prolongs the case and causes additional expense and delay. Section 1927 is not, however, without its limitations. Sanctions are only available against lawyers, not litigants. Parties cannot be sanctioned under Section 1927, even if they appear pro se.

46   Rajas allege, Nevertheless, when counsel's dilatory conduct unjustifiably increases work for response by Pr Se , in the case and increases the costs of litigation, courts will not hesitate to foist the burden of those excess costs on the offending lawyer. Section 1927 is therefore an important potential source for sanctions

**k. Defendant's Window of opportunity for Rule 11 sanctions has come and gone**

47  Rajas allege, Assume that Rajas filed a frivolous (and, Defendants believe, sanction able) motion. Defendants opposed it on the merits and won. From that point on, Rajas are no longer "presenting" the baseless motion.

48  Also, nothing is left for Rajas to correct or withdraw under the "safe harbor." Defendant's window of opportunity for Rule 11 sanctions has come and gone.

49  Rajas allege, As an example, assume that Raja's motion states no cognizable claim and
is ripe for dismissal. Defendants also believe that it is sanction able. The court dismissed
the complaint as Defendants expected , therefore Defendants have missed their
opportunity to file a Rule 11 motion *see* Fed. R. Civ. P. 15(a)(1)(A)—and the court will
never see Defendant's motion.

**l. Defendants acted in a bad faith, failed to response and prolonged the litigation and
increased litigation cost and are responsible for these fees.**

50  On or about April 25, 2013 and April 26, 2013, Rajas sent following emails to
Defendant's counsel, who failed to respond and forced Rajas to file 60(b) motion.
Defendants are responsible for all the fees because the defendants failed to response. If
Defendants would have responded, then the matter would have been resolved and there
was no need for 60(b) motion. Defendants are the one who caused these litigation cost
and not Rajas, because the Rajas provided them a fair chance to come forward and clarify
the issue.

51  Following e-mail were sent on April 25, 2013 and April 26, 2013, and when no response
was received , Rajas filed 60(b) motion on May 6, 2013. Therefore The Defendants are
the one who caused the increase in cost of litigation and not the Rajas.

**RAJA** <therajafamily@gmail.com>                                                    Apr
                                                                                      25

to William. Brendan

Please see how your office is misleading by fraudulently manufactured e-mail.
Attached is JUST a small evidence and MORE in the way. Please note that you, your
office. employees, attorneys, staff and agents (former, present and future) are advised
not to destroy and interfere with any evidence in your computers, servers and others,

.

.

because we will subpoena your computers, servers and records to extract the more evidence, date and time, (the records were forged) for the court, through our hired computer forensic experts. We have highlighted the some problems and more to come.

Please govern yourself accordingly

**FRAUDULENTLY MANUFACTURED E-MAILS.pdf**
141K   View   Download


**RAJA** <therajafamily@gmail.com>                                                   Apr
                                                                                      26


to William, Brendan



Please note that I have not heard from you about the points raised by me, in your fraudulently manufactured emails;

1. You failed to serve me notice of the April 12, 2013, hearing in the instant matter and then falsely represented to Judge Ellis in open court that I was duly served.

2. You also falsely swore, by signing the Certificate of Service, that you had served me by mail and email.

3. However, I did not receive notice by mail or email.  And, after numerous requests, you were unable to provide me proof of service.  And, rather than admit the truth to me and the court– that no service was sent/received – you attempted to "cover up" your crime, by providing me a falsified, post-dated email that purportedly gave me notice the night before the 10 a.m. hearing on April 12th.

4. The obvious, foreseeable, and actual result of your actions was to deprive me of my right to appear and be heard regarding my right to opt-out of the above class action suit. By falsely representing to Judge Ellis that I had been served, when you knew I had not, you obtained a favorable, unopposed ruling for your client – at my expense and the expense of the integrity of the judicial system.

5. In response to numerous requests for proof of service, on April 22, 2013, you finally provided me (via email?) a copy of the email you claim to have sent me the evening of April 11th (the night before the 10 a.m. scheduled hearing).

6. That copy of the e-mail was fraudulently manufactured on April 22, 2013.

7.  On April 22, 2013 I requested you to provide the actual e-mail and in response to my request you provided another manufactured e-mail by using the copy, cut and paste techniques and inserted my name and e-mail address, which was missing internet header, which clearly shows that you have not sent me the e-mail with the documents filed i n the court, and created fake proof of the e-mail fraudulently.

8.  I hired a forensic computer expert witness to analyze the email you provided.  He is willing to testify that:  it was generated April 11th BUT NOT ADDRESSED OR SENT TO ME at 18:27:03 GMT; and that someone in your office modified it on April 22nd at 13:13:56 GMT by inserting my name and address – so as to appear as though it were sent to me on April 11th.

9.  It indicates that you intentionally, with consciousness of guilt, modified the date and recipient's address in the email, after the fact, to conform to the false Certificate of Service you signed and the false statements you made to Judge Ellis in court and later to me (after I had missed the hearing due to your failure to provide notice of same).

10.  Your decision to take affirmative steps to cover up your crime rather than "come clean" to me and the court is shocking and exhibits a callous disregard of and contempt for, not only me and my rights as an opposing *pro Se* litigant, but the court and justice system as well.

11. Clearly, this was not an "honest mistake." Your fraud has benefited you and your clients while it, as intended, continues to deprive me of my rights and caused me to suffer damages.

12. Please forward  the copy of all of my emails and your responses with all the attachments to your to your malpractice carrier


52 Rajas allege that, if court permits them to proceed with the discovery and court never allowed

Rajas to proceed with the discovery, when they filed motion, and  requested this court

through the motion for Subpoena Duces Tecum/ Electronically  stored information on May

9,2013, scheduled for hearing before Magistrate Judge Ivan D. Davis on May 24, 2013, they

will prove what they alleged in their motion.

**m. Rajas never received Defendants response brief of April 11, 2013 by mail and e-mail as alleged by the Defendants**

52   Rajas allege and still maintain their previous assertions, that Rajas never received the brief by e-mail or mail as alleged by the Defendants. If the court allows Rajas to proceed with the discovery and Subpoena Duces Tecum/ Electronically stored information, Rajas will prove their allegation.

53   Rajas have also contacted Postal Authority, who scan each mail sent and delivered. Rajas believe that the truth will come on the surface. Regarding the e-mail issue Rajas still maintain that the e-mail header was blank and will prove if court allows Rajas to proceed with the discovery and Subpoena Duces Tecum/ Electronically stored information, Rajas already requested on May 9, 2013.

54   Rajas reserve their right to bring the truth before the court. Rajas have not made number of misrepresentations as alleged by the Defendants. Rajas will prove if the Honorable court provide chance to Rajas to prove through discovery and Subpoena Duces Tecum/ Electronically stored information, Rajas already requested on May 9, 2013.

**n. Defendants calculation of attorney fees are in correct and they are double dipping by including the fees already charged in class action**

55   In the attorney fees affidavit defendants have charged the fees of class action hearing too, which is a double dipping.

56   Signature of Mr. William D. Bayliss are different on the affidavit as shown below;

I declare under penalty of perjury that the foregoing is true and correct,

Executed on this 27th day of June, 2013.

June 27, 2013
Date

William D. Bayliss

15

William D. Bayliss

Now Rajas request this court to see which are the correct signatures of the Defendant's counsel who signed the affidavit under penalty of perjury.

WHEREFORE, Rajas request this court to deny Defendant's motion for sanctions or in the alternative Rajas be permitted to proceed with the discovery and Subpoena Duces Tecum/ Electronically  stored information, Rajas already requested on May 9, 2013, so that Rajas can prove their alleged allegations. If after the discovery the Rajas have proved then sanctions could end up flowing in the other direction.

The American Rule stats; The Commonwealth of Virginia adheres to the "American Rule." Under the "American Rule," a prevailing party generally *cannot* recover attorneys' fees from the losing party. *See*: West Square, L.L.C. v. Communication Technologies, 274 Va. 425 (2007) , Ulloa v. QSP, Inc., 271 Va. 72, 81 (2006) , Lee v. Mulford, 269 Va. 562, 565 (2005)

Therefore Rajas request this court to deny the Defendant's motions as stated and requested above.

Respectfully submitted please

M. Nawaz Raja
42907 Parkbrooke Court
 Broadlands Virginia 20148
Email: therajafamily@gmail.com
Phone: (540) 687-0004
Date 7/10/2013

Neelum Nawaz Raja
42907 Parkbrooke Court
Broadlands Virginia 20148
Email: therajafamily@gmail.com
Phone: (540) 687-0004
Date  7 —10 —13

## CERTIFICATE OF SERVICE

Certified that a copy of the above was mailed to the followings on July ___, 2013 via United States Postal Service, Postage paid to;

William D. Bayliss, Esq.
Williams, Mullen, Clark & Dobbins, P.C.
200 South 10th Street
Richmond, VA 23219
*Counsel for Segan, Mason & Mason, P.C.*

_____     _____
M. Nawaz Raja &                    Neelum Nawaz Raja

17