IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MAKSIM TSVETOVAT, et al., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12cv510 |
| | ) | |
| SEGAN, MASON & MASON, P.C., | ) | |
| Defendant. | ) | |

## ORDER

The matter is before the Court on defendant's motion for sanctions (doc. 79). The matter is before the Court on defendants' motion for sanctions (doc. 37). After full briefing and a hearing in which oral argument was heard, the Court, by Order dated July 19, 2013, ruled that the M. Nawaz Raja and Neelum Nawaz Raja's conduct warranted the imposition of sanctions, but deferred the determination as to the appropriate quantum of a sanction to be imposed pending submission of financial information from Mr. and Mrs. Raja. *See Tsvetovat v. Segan, Mason & Mason, P.C.*, No. 1:12cv510 (E.D. Va. July 19, 2013) (doc. 85). Mr. and Mrs. Raja have now submitted their financial information and therefore, it is now appropriate to determine the quantum of sanctions.

In their motion for sanctions, defendant seek a monetary sanction in the amount of $19,615.50, which represents defendant's attorney's fees in this action. Although this amount of attorney's fees is reasonable under the circumstances, Mr. and Mrs. Raja have filed an affidavit stating, under oath, that they have no assets, no cash, and have substantial liabilities.

To determine the proper measure of sanctions, a district court must consider

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the

prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*United States v. Shaffer Equipment Co.*, 11 F.3d 450, 462–63 (4th Cir. 1993). Although it is pellucidly clear that sanctions are warranted in this case, it is also clear that Mr. and Mrs. Raja simply lack the ability to pay anything other than a nominal amount for sanctions.[1] It is therefore appropriate to impose a nominal sanction that achieves the primary purpose of deterrence, while avoiding bankrupting Mr. and Mrs. Raja. This may be achieved by requiring Mr. and Mrs. Raja to pay a monthly monetary sanction to the Clerk of Court. *See, e.g., Harmon v. O'Keefe*, 149 F.R.D. 114, 119 (E.D. Va. 1993) (imposing a nominal sanction that required plaintiff to make monthly payments).

Accordingly, and for good cause,

It is hereby **ORDERED** that Mr. and Mrs. Raja pay a nominal sanction in the amount of $120.00, pursuant to the inherent powers of the Court.

It is further **ORDERED** that Mr. and Mrs. Raja may pay the $120.00 sanction in consecutive monthly installments in the amount of $5, or more, beginning September 2, 2013. Mr. and Mrs. Raja are **DIRECTED** to make such monthly installments in the form of a check payable to the U.S. Treasury, which is to be submitted to the Clerk of the United States District Court, United States Courthouse, 401 Courthouse Square, Alexandria, VA. The $120.00 sanction and the $5.00 per month payment take fully into account Mr. and Mrs. Raja's ability to pay sanction.

---

[1] It is, of course, difficult to confirm the truthfulness of Mr. and Mrs. Raja's submission with respect to financial information. Thus, it is appropriate, and necessary, to rely on the information submitted under oath in Mr. and Mrs. Raja's affidavit.

To appeal this Order, Mr. and Mrs. Raja must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. Rule 4(a), Fed. R. App. P. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order Mr. and Mrs. Raja wants to appeal. Mr. and Mrs. Raja need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to all counsel of record and to Mr. and Mrs. Raja by U.S. mail.

Alexandria, VA
August 5, 2013

/s/
_____
T. S. Ellis, III
United States District Judge